Jeffrey A. McKee (#012279)
DAVIS McKEE, P.L.L.C.
1650 North First Avenue
Phoenix, Arizona  85003
(602) 266-7667; Fax (602) 277-9839
Email:  jmckee@dmflaw.com

Attorneys for Plaintiff PageMasters, Inc.

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| PAGEMASTERS, INC., | No. |
| Plaintiff, | **COMPLAINT** |
| vs. | |
| AUTODESK, INC., | |
| Defendant. | |

Plaintiff PageMasters, Inc. ("PageMasters"), an Arizona corporation, alleges the following against Defendant Autodesk, Inc. ("Autodesk"), a Delaware corporation:

1.     This is a civil action arising under the provisions of the Declaratory Judgment Act, 28 U.S.C. §§ 2201, et seq., to declare the rights and legal relations of the parties, regarding an actual justifiable controversy existing between the parties with respect to Defendant Autodesk's obligations to PageMasters under the parties' Asset Purchase Agreement.

2.     PageMasters is an Arizona corporation with its principal place of business in Phoenix, Arizona.

3.     Autodesk is a Delaware corporation with its principal place of business in San Rafael, California.

4. This Court has jurisdiction over the subject matter of this action under the provisions of 28 U.S.C. § 1332(a) because of the diversity of citizenship of the parties and the amount in controversy which, exclusive of interest and costs, exceeds the sum of $75,000. Plaintiff invokes the jurisdiction of the Court to obtain the remedy of declaratory relief afforded in the Federal Courts pursuant to 28 U.S.C. § 2201. Venue is properly laid in the District of Arizona pursuant to 28 U.S.C. § 1391.

5. On March 21, 2000, PageMasters and Buzzsaw.com, Inc. ("Buzzsaw") entered into an Asset Purchase Agreement.

6. Section 5.16 of the Asset Purchase Agreement bestowed upon, and transferred to, Buzzsaw all responsibilities pertaining to the PageMasters' Software OEM Distribution Agreement ("Distribution Agreement") with Oce'-Technologies B.V. ("Oce"), a Netherlands corporation.

7. Buzzsaw's responsibilities to PageMasters under the Distribution Agreement include, but are not limited to:

(a) demanding and performing an audit of Oce's financial records to verify amounts due and paid by Oce to PageMasters prior to the closing of the Asset Purchase Agreement on March 21, 2000; and

(b) paying to PageMasters the net revenues actually recovered pursuant to the audit.

8. Following the closing of the Asset Purchase Agreement, Buzzsaw merged into Autodesk, and thus Autodesk assumed all rights and responsibilities of Buzzsaw under the Asset Purchase Agreement.

9.     PageMasters has demanded that Autodesk perform its responsibilities under the Asset Purchase Agreement, and, specifically, to demand an audit of Oce's financial records and to pay PageMasters all net revenues from accounts receivable due and owing by Oce to PageMasters prior to March 21, 2000.

10.     Based on its records, PageMasters believes that, when the audit is completed, Oce will owe it several million dollars.

11.     Autodesk has refused to perform its responsibilities under, and therefore it is in breach of, the Asset Purchase Agreement.

12.     By reason of the foregoing, an actual controversy between PageMasters and Autodesk exists as to Autodesk's responsibilities to PageMasters under the Asset Purchase Agreement.

WHEREFORE, Plaintiff PageMasters, Inc. prays for the following relief:

A.     That the Court enter judgment declaring that Defendant Autodesk, Inc. is required to perform its responsibilities to Plaintiff PageMasters, Inc. under the parties' Asset Purchase Agreement, and, specifically, to demand and perform an audit of Oce's financial records and turn over to PageMasters the net revenues from accounts receivable due and owing by Oce to PageMasters;

B.     That the Court enter judgment in favor of Plaintiff PageMasters, Inc. declaring that Defendant Autodesk, Inc. has breached its duties and responsibilities under the parties' Asset Purchase Agreement and awarding appropriate damages to PageMasters; and

C.     That the Court award Plaintiff's attorneys' fees and costs and all relief that the Court deems appropriate.

Respectfully submitted this 19th day of March, 2008.

**DAVIS McKEE, P.L.L.C.**

By: _____
    Jeffrey A. McKee
    Attorneys for Plaintiff PageMasters, Inc.